# EXHIBIT 6

Westlaw.

3/19/2003 NYLJ 21, (col. 2)                                      Page 1
3/19/2003 N.Y.L.J. 21, (col. 2)

New York Law Journal
Volume 229
Copyright 2003 ALM Properties, Inc. All rights reserved
Wednesday, March 19, 2003
DOI
Supreme Court
DECISION OF INTEREST
Queens County

Justice Taylor

IA Part 15

**EARLE v. GANGADEEN**-By this Petition, petitioner Deborah Earle, (hereinafter "Earle"), seeks an Order compelling respondent MICHAEL L. GANGADEEN, ESQ., (hereinafter "Gangadeen"), to release monies held in escrow to the petitioner or, in the alternative, to deposit the escrow amount with the Court, and directing respondent PLAZA HOMES, LLC., (hereinafter "Plaza"), to withdraw any and all impediments or objections to the release of said sum to the petitioner or to the deposit of the escrow amount with the Court.

Petitioner Earle purchased a home located in Kings County from respondent Plaza. She was represented in the transaction by respondent Gangadeen, who is an attorney. At closing, the parties agreed that certain repairs to the property were to be made by respondent Plaza. An escrow agreement was entered into, enumerating the required repairs, and providing that respondent Gangadeen would hold $17,000 in his attorney escrow account until such time as the repairs were satisfactorily completed by respondent Plaza.

The salient obligations of the parties under the respective agreement were as follows:

It is hereby agreed between the parties that the buyers attorney will maintain the sum of ($17,000.00) seventeen thousand in escrow to ensure that the seller repairs those items identified in the aforementioned list in a satisfactory condition. Seller to complete repairs on or before December 18, 2001 except for gas meters which will be installed on or before January 12, 2002.

In the event that the seller fails to effectuate repairs in a satisfactory condition, the buyer shall serve seller with a certified notice advising of any defi-

Copyright © 2008 The New York Law Pub. Co.

3/19/2003 NYLJ 21, (col. 2)                                                        Page 2
3/19/2003 N.Y.L.J. 21, (col. 2)

ciency for which seller will be given seven (7) days to cure.

In the event the seller fails to cure the deficiency within seven days, the buyer
will be entitled to retain an independent licensed contractor to remedy the de-
feat, the cost of which to be paid from the funds maintained in escrow.

(see, Agreement, dated Nov. 15, 2001, annexed to petition as Exhibit "C").

Apparently, respondent Plaza made efforts to complete the repairs as agreed, sub-
sequent to which respondent Gangadeen released 50 percent of the escrow money
($8,500) to respondent Plaza. There is a dispute between the parties as to whether
or not the repairs were properly completed, notwithstanding the release of 50 per-
cent of the funds by respondent Gangadeen. On January 3, 2002, respondent
Gangadeen wrote respondent Plaza's attorney, advising that it was the petitioner's
position was that some of the repairs "had not been addressed". (see, Letter from
respondent Gangadeen, dated Jan 3, 2002, annexed to petition as Exhibit "B"). The
letter also advised that:

Pursuant to the escrow agreement, your client would be given one opportunity to
correct the deficiency. The opportunity to correct the deficiencies has already
extended and the work was either not completed or not completed in a satisfactory
condition. In that I have already released $8,500 to your client, there remains an
additional $8,500 in escrow. The buyer has advised me that she will not be extend-
ing your client any more opportunities to correct the defective conditions but
will be utilize the remainder of the escrow funds to retain independent contract-
ors to correct these items.

(Id.)

Respondent Gangadeen avers that he advised the petitioner that if the matter was
not settled between the parties, he would have to start an action in order to re-
solve this matter, which would cost $1000, which would be deducted from the escrow
funds. (see, Affirmation in Partial Opposition of respondent Gangadeen at p. 2,
paragraph 5). He contends that the petitioner indicated that she would consider
the situation and get back to him, but that rather than do so, she retained new
counsel and commenced the within proceeding. (Id.)

Respondent Gangadeen also avers that respondent Plaza instituted an action
against respondent Gangadeen in Civil Court, Queens County, seeking release of the
remaining escrow funds to Plaza. Respondent Gangadeen states that in his own de-
fense in that action, he answered the complaint, conducted discovery, and filed a
motion to dismiss the action. The action was subsequently withdrawn by respondent
Plaza by stipulation.

Petitioner Earle's position is that the repairs which were undertaken by respond-
ent Plaza were not performed satisfactorily. She posits that this gave her the
right to retain an independent licensed contractor to remedy the defects, which

Copyright © 2008 The New York Law Pub. Co.

3/19/2003 NYLJ 21, (col. 2)                                                    Page 3
3/19/2003 N.Y.L.J. 21, (col. 2)

she claims that she has done. She now seeks to be reimbursed from the remaining funds ($8,500) held in escrow by respondent Gangadeen, notwithstanding the objections of respondent Plaza. The Court notes that as proof that she rectified the repairs, she submits only estimates of several contractors, rather than paid receipts from contractors that actually performed the work.

Respondent Gangadeen's position is that he has "no objection to releasing the funds in the escrow account", but wishes to be compensated for the "exorbitant amount of time" he spent with the petitioner and co-respondent, and the "additional work that was undertaken in an attempt to bring this matter to resolution". (see, Affirmation in Partial Opposition of respondent Gangadeen at p. 3, paragraph 7).

For an instrument to operate as an escrow agreement, there must be: (a) an agreement as to the subject matter and delivery of the instrument; (b) a third-party depository; (c) delivery of the instrument to a third party conditioned upon the performance of some act or the occurrence of some event; and (d) relinquishment by the grantor. (see, Farago v. Burke, 262 N. Y. 229 [1933]; see also, Menkis v. Whitestone Savings and Loan Assoc., 78 Misc2d 329 [Sup. Ct. Nassau Co. 1974]; Lennar Northeast Partners v. Gifaldi, 258 AD2d 240 [4th Dept. 1999]; see generally, 55 NY Jur 2d, Escrows, §3).

The Court initially finds that the agreement in question is a valid escrow agreement. Thus, the next issue is that of the responsibility of the parties thereunder.

An escrow agent becomes the trustee of both parties after receipt of the funds or instrument in question (see, Akivis v. Brecher, 128 Misc2d 965 [Sup. Ct. Kings Co. 1985]; Farago v. Burke, supra; Takayama v. Schaefer, 240 A.D.2d 21, [2d Dep't 1998]; Heller v. First Town Mortg. Corp., 1998 U.S. Dist. LEXIS 14427, [S.D.N.Y. 1998]).

An escrow agent not only has a contractual duty to follow the escrow agreement, but additionally becomes a trustee of anyone with a beneficial interest in the trust (see, Farago v. Burke, 262 NY 229; Oppenheim v. Simon, 57 AD2d 1006) with the "duty not to deliver the escrow to anyone except upon strict compliance with the conditions imposed" (Farago v. Burke, supra, at 233). Thus, an escrow agent can be held liable for breach of the escrow agreement and breach of fiduciary duty as escrowee (see, Grinblat v. Taubenblat, 107 AD2d 735).

(Takayama v. Schaefer, supra, at 25).

An escrowee is required to hold the funds to insure strict compliance with the condition. (see, Farago v. Burke, supra; see also, 28 Am Jur 2d, Escrow, §21). The law imposes upon the holder in escrow "a duty not to deliver the escrow to anyone except upon strict compliance with the conditions imposed". (see, Farago v. Burke, supra at 233; see also, Padavano v. Padavano, 121 AD2d 436 [2d Dept. 1986]).

Copyright © 2008 The New York Law Pub. Co.

3/19/2003 NYLJ 21, (col. 2)                                                    Page 4
3/19/2003 N.Y.L.J. 21, (col. 2)

It is well settled that, in the event of a dispute, the escrow funds may not be
released until the conditions of the escrow agreement are fully performed and it
is "clear that no factual issues or viable claims exist under the closely scrutin-
ized terms of the escrow agreement" (E.S.P. Adj. Servs. v. Asta Group, 125 AD2d
849, 850; see, Matter of Kaplan v. Shaffer, 112 AD2d 369). In a dispute between
the buyer and the seller over escrow funds, the escrow agent is a proper party,
"so that he [or she] will be amenable to any judgment rendered after trial with
respect to the disposition of the escrow funds" (Zwirn v. Goodman, 206 AD2d 360,
362; BTS, Inc. v. Webny Corp., 157 AD2d 638; Pomeranz v. Dineen, 114 AD2d 944,
supra).

(Takayama v. Schaefer, supra).

It is therefore evident that, as a fiduciary, respondent Gangadeen had a strict
obligation to protect the rights of both parties. (see, Grinblat v. Taubenblat,
107 A.D.2d 735 [2d Dept. 1985]).

An escrowee must make an independent determination of compliance with the condi-
tion, except under circumstances where compliance is beyond the escrowee's ability
to do so. In that event he may be required to bring an interpleader action for a
court determination of compliance. (see, CPLR 1006; see also, Goldstein v. Greco,
2001 N.Y. Misc. LEXIS 1241 [Nassau Co. 2001]; 30A CJS, Escrows, §8, at 990, and
cases cited therein). However, where the escrow agreement is silent as to his or
her duties in the event of a dispute, the escrowee need not deposit the funds in
court pursuant to CPLR 1006 to avoid liability for interest and costs, but may
continue to hold the funds in an attorney account:

While the remedy of interpleader is available to an escrow agent, the escrow
agent may retain money and 'compel proof of a clear right to the stake' (Falk v.
Goodman, 7 NY2d 87, 91, supra). Although an interpleader action is an appropriate
(and perhaps the safest) course, there is no legal or ethical obligation to com-
mence an interpleader action under pain of liability. The escrow agent may attempt
to facilitate a settlement of the dispute, or hold the funds indefinitely (see
generally, Brooklyn Bar Ethics Opn 1993-1, NYLJ, Dec. 20, 1993, at 6, col 4; Nas-
sau County Bar Assn Ethics Opn 91-21).

(see, Takayama v. Schaefer, supra at 25).

In the case at bar, respondent Gangadeen, the escrowee, may not have made an in-
dependent determination of compliance, or commenced an interpleader action prior
to dispersing funds from the escrow account. The practical result of this inaction
was that both parties commenced actions against him.

Respondent Gangadeen affirms that respondent Plaza Homes completed most of the
repairs, prior to requesting release of 50 percent of the funds, and also states
that petitioner Earle agreed to authorize that release and retention of the re-
maining $8,500 pending completion of the remainder of the repairs. (see, Affirma-

Copyright © 2008 The New York Law Pub. Co.

3/19/2003 NYLJ 21, (col. 2)                                                                Page 5
3/19/2003 N.Y.L.J. 21, (col. 2)

tion in Partial Opposition of respondent Gangadeen, at p. 1, paragraph 2). By con-
trast, petitioner claims in paragraph 5 of her petition that 50 percent of the
finds were released, despite the fact that the repairs were not fully completed.
Again, there is no indication whether respondent Gangadeen, prior to releasing any
funds, made an independent inspection or other valid independent determination of
such compliance or brought an interpleader action if he was unable to do so. At
least one court has held that an attorney-escrowee is personally responsible for
that which an independent inspection would have shown. (see, Akivis v. Brecher,
128 Misc.2d 965 [Sup. Ct. Kings Co. 1985]). Thus, there is an issue of fact as to
whether respondent Gangadeen properly discharged his duties as escrowee, or wheth-
er he should be liable for failure to do so.

Moreover, respondent Gangadeen acknowledges that a dispute arose as to whether
the remainder of the required repairs were completed, that respondent Plaza
claimed that all repairs were completed in a satisfactory manner, while petitioner
contended that the repairs were not properly made, thereby requiring her to retain
an independent licensed contractor to perform the work which she alleges was de-
fectively performed by respondent Plaza [FN1]. Respondent Gangadeen's letter on
behalf of petitioner indicates his awareness that the petitioner was dissatisfied
with respondent Plaza's work. Under the circumstances, the Court cannot understand
why respondent Gangadeen would "have no objection to releasing the funds in the
escrow account", (see, Affirmation in Partial Opposition of respondent Gangadeen
at p. 3, paragraph 7), when he is aware of an ongoing dispute between the parties
as to compliance. His fiduciary obligations to both parties as escrowee would seem
to preclude such a distribution. (see, e.g., Akivis v. Brecher, supra; Farago v.
Burke, supra; Takayama v. Schaefer, supra).

Clearly, there is an issue of fact as to whether or not there was compliance with
the triggering condition of the escrow agreement, which determines entitlement to
the funds by the petitioner or respondent Plaza, which cannot be resolved upon pa-
pers alone. (Cf., Smith v. Gross, Shuman, Brizdle and Gilfillan, P.C., 249 A.D.2d
893 [4th Dept. 1998]). The existence of this issue of fact alone precludes the
Court from directing the escrowee to release any funds to either of the parties.
The Court finds that the following issues of fact exist, warranting plenary action
prior to distribution of any funds: (a) whether there was compliance with the con-
dition precedent triggering release of any funds to respondent Plaza, or whether
the failure of respondent Plaza to satisfy the condition precedent warrants award-
ing the escrow funds to petitioner Earle, and (b) whether respondent Gangadeen
properly discharged his duties as escrowee, and if not, whether he is liable to
petitioner for failure to do so.

As to the request by respondent Gangadeen for reimbursement of legal expenses he
incurred in defending himself in the Civil Court action brought by respondent
Plaza, that application is denied in all respects. Initially, the Court notes that
an "affirmation in partial opposition" is not the proper vehicle to make such a
request, nor has respondent Gangadeen submitted itemized time sheets detailing the

Copyright © 2008 The New York Law Pub. Co.

3/19/2003 NYLJ 21, (col. 2)                                                        Page 6
3/19/2003 N.Y.L.J. 21, (col. 2)

work he performed in support of his request. Assuming respondent Gangadeen had
made his application in proper form and with appropriate proof submitted, the
Court would nonetheless be disinclined to award him any legal fees. It appears
that the lawsuit by respondent Plaza as well as the within matter were occasioned
by respondent Gangadeen's failure to make an independent determination of compli-
ance with the condition, or, if it was beyond his ability to do so, to bring an
interpleader action for a court determination of compliance. As a result of re-
spondent Gangadeen's inaction, respondent Plaza (as well as the petitioner) were
caused to commence lawsuits to attempt to remedy the situation. Under the circum-
stances, the Court declines to award legal fees for expenses incurred in defending
the aforementioned lawsuits.

Finally, since the escrow agreement is silent as to respondent Gangadeen's duties
in the event of a dispute, respondent Gangadeen need not deposit the funds in
court pursuant to CPLR 1006 to avoid liability for interest and costs, but may
continue to hold the funds in an attorney account. (see, Takayama v. Schaefer,
supra).

Accordingly, the petition is denied.

FN1. The Court further notes that, while the petitioner submits estimates for the
costs of the work, which cumulatively total in excess of $17,000 by the Court's
calculations, she has not submitted actual receipts for the expenses actually in-
curred, for which she seeks reimbursement from the $8,500 sum remaining in escrow.

3/19/2003 NYLJ 21, (col. 2)

END OF DOCUMENT

Copyright © 2008 The New York Law Pub. Co.